In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00110-CV

                                                ______________________________

 

 

                                 DAVID ALAN SHEPHERD,
Appellant

 

                                                                V.

 

       OFFICE DEPOT AND UNITED PARCEL SERVICE (UPS), Appellees

 

 

                                                                                                  


 

 

                                       On Appeal from the 188th
Judicial District Court

                                                             Gregg County, Texas

                                                       Trial Court
No. 2009-1614-A

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Appellant,
David Alan Shepherd, filed a notice of appeal September 16, 2010.  The final judgment was signed in this cause
of action on June 30, 2010.  The record
did not contain any motion that would have served to extend the appellate
timetable, but we noted that the trial court had signed an order denying a
motion to vacate or modify judgment and that both defendants had filed a
response to such a motion.  We contacted
the Gregg County District Clerk and were informed that no such motion had been
filed with that court.  Rule 26.1(a)(2)
of the Texas Rules of Appellate Procedure provides that the extended time
period in which to file a notice of appeal exists “if any party timely files:  . . . a motion to modify the judgment.”  Tex.
R. App. P. 26.1(a)(2).  As none
had been filed, the appellate timetable was not extended, and the notice of
appeal would be due thirty days after the judgment was signed, on July 30,
2010.  The notice of appeal thus appeared
to have been untimely filed.

            In
accordance with Rule 42.3 of the Texas Rules of Appellate Procedure, we
provided notice to Shepherd, requesting that he show this Court how we had
jurisdiction over this appeal.  Tex. R. App. P. 42.3.  Shepherd provided this Court with the
original of his motion to modify, claiming that it had been accidentally
returned to him by the clerk’s office along with the order of denial, and
pointing out a handwritten notation “place in file” on the top of the motion. 

            Believing
that there was a possibility that the document had been received by the clerk,
but then improperly returned rather than file-marked and filed, we abated this
cause to the trial court with directions to conduct a hearing and determine
whether the motion was placed in the custody of the trial judge or clerk, and
if so, the date or approximate date when this occurred.  

            The
court conducted a hearing and made this finding:

This Court has reviewed the court file for this
matter in the office of the District Clerk of Gregg County and has inquired of
the District Clerk staff with respect to whether a Motion for New Trial was
filed in this cause and whether the Court of the District Clerk received
custody or control of a Motion for New Trial. 
Neither the Court nor the District Clerk has received a Motion for New
Trial, or any other post-judgment motion seeking to modify the Court’s Order of
dismissal.

 

            Bound
by the trial court’s finding of fact, we must conclude that the motion to
modify was not placed in the hands of the clerk in such a fashion as to
constitute even constructive filing.  In
the absence of the filing of a timely motion which could extend the appellate
timetable, the notice of appeal was late filed and could not invoke the
appellate jurisdiction of this Court.  Tex. R. App. P. 25.1, 26.1.

            We
dismiss this appeal for want of jurisdiction.

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          March
29, 2011

Date Decided:             March
30, 2011